was dismissed at the end of plaintiff's case. Section C26–280.0 of the Administrative Code of the City of New York provides: "All stairways, fire towers, hallways, passageways and other required means of egress, together with all areas to which the public has access, shall be equipped with adequate, artificial lighting facilities. Such lighting facilities shall be used when adequate natural light is unavailable." In our opinion, an issue of fact was clearly presented as to whether, under the physical conditions existing, the lighting provided met the requirements of the statute or, for that matter, of reasonable care. If found to be inadequate, it was for the jury to say whether, with better lighting, plaintiff might have seen the steps or observed that the people ahead of her were descending a slight 4½ inches each step, and whether this five-foot woman surrounded by presumably taller people was contributorily negligent in failing to detect the presence of the steps. (*Bloch* v. *Shattuck Co.,* 2 A D 2d 20; *Duffy* v. *Owen A. Mandeville, Inc.,* 5 N Y 2d 730; *Schneider* v. *Associated Prudential Theatres,* 302 N. Y. 759; *Stengel* v. *Louis' Cafeteria,* 6 N Y 2d 907.) It should be noted that in *Hodge* v. *Niagara Falls Gazette Pub. Co.* (1 N Y 2d 801); *Union Bank & Trust Co.* v. *Hattie Carnegie, Inc.* (1 A D 2d 199), and *Brooks* v. *Bergdorf-Goodman Co.* (5 A D 2d 162 [*supra*]), cited by respondent, there were no claims of improper lighting. The judgment should be reversed on the law and facts and a new trial granted, with costs and disbursements to appellant to abide the event.

■ FRANK J. UDDO et al., Appellants, v. GUARDIAN LIFE INSURANCE COMPANY, Respondent.— Order entered August 15, 1968 affirmed, with $50 costs and disbursements to respondent. Concur — Stevens, P. J., Tilzer and Bastow, JJ.; McGivern and McNally, JJ., modify to the extent of granting leave to serve a second amended complaint.

■ FRANK J. UDDO et al., Respondents, v. GUARDIAN LIFE INSURANCE COMPANY, Appellant.— Appeal from order entered April 3, 1968 unanimously dismissed as academic, without costs or disbursements. Concur — Stevens, P. J., Tilzer, McGivern, McNally and Bastow, JJ.

■ In the Matter of SWEET ADELINE, INC., Appellant, v. MAG-KNIT FABRICS CORP., Respondent.— Order entered October 4, 1968, denying petitioner-appellant's motion to stay arbitration, reversed on the law, without costs, and the petition granted to the extent of directing the trial of the question whether a valid agreement to arbitrate was made. Respondent sold piece goods to petitioner. Respondent's invoice dated July 31, 1967 for $18,364.60 is the subject of its demand for arbitration dated August 16, 1968. There is no written order or confirmation with respect to said transaction. However, the invoice states in substance that all disputes arising out of the sale are subject to arbitration. Respondent alleges that anterior to said transaction more than 25 similar invoices had been sent to petitioner relative to other but unrelated transactions. The times and circumstances of these transactions are not set forth. The invoice of July 31, 1967 following the execution of the sale therein reflected may not satisfy CPLR 7501, which requires "A written agreement to submit any controversy thereafter arising". There is not involved here a prior written contract with provision for arbitration delivered to and retained by the buyer followed by partial delivery. (Cf. *Matter of Helen Whiting, Inc.* [*Trojan Textile Corp.*], 307 N. Y. 362.) "The whole question is thus one of the effect of [petitioner's] silence in the face of such separate offers for arbitration, each of which looked back to a single sale and delivery theretofore made." (*Matter of Tannenbaum Textile Co.* v. *Schlanger,* 287 N. Y. 400, 404.) Where there is a question as to the making of the agreement to arbitrate, it must be resolved prior to the disposition of the application to stay the arbitration. (*Matter of Garrett Corp.* [*Ix & Sons N. Y. Corp.*],